UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. Case No. 08-CV-60374-COHN/SELTZER

ANTHONY NEIL SELLERS, derivatively on
behalf of Nominal Defendant 21st Century
Holding Company,

        Plaintiff,

v.

EDWARD J. LAWSON, JAMES GORDON
JENNINGS III, MICHAEL H. BRAUN,
BRUCE F. SIMBERG, RICHARD W.
WILCOX, JR., CARL DORF, CHARLES B.
HART, JR., and ANTHONY C. KRAYER, III

        Defendants.

and

21st CENTURY HOLDING COMPANY,

        Nominal Defendant.
_____/

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY OR IN THE ALTERNATIVE TO CONSOLIDATE**

Plaintiff Anthony Sellers ("Plaintiff"), by his undersigned counsel, files this Response and Memorandum of Law in opposition to the Defendants' Motion to Stay, or in the Alternative, to Consolidate [DE 12] the instant shareholder derivative action.[1]

This action involves a shareholder derivative lawsuit brought against certain current and former officers and directors of 21st Century Holding Company ("21st Century" or the "Company") on *behalf of the Company*. There are several important differences between a

---

[1] Instead of addressing the underlying issues of this action, Defendants instead prefer to attack Plaintiff's counsel in both their Motion to Stay and the Motions to Dismiss as their primary means of defense. These baseless attacks should have no bearing upon the Court's determination of these Motions.

derivative action and a securities class action which preclude consolidation. *In re 21st Century Holding Company Sec. Lit*. (Case No. 07-61057-CIV COHN/SELTZER) (the "Securities Class Action") is governed by federal law. To state a claim for securities fraud under Section 10(b) of the Securities Exchange Act of 1934, the plaintiff had to plead: (1) a misrepresentation or omission of a material fact; (2) scienter; (3) a connection with a purchase or sale of a security; (4) reliance or transaction causation; (5) economic loss; and (6) loss causation. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005). The Securities Class Action complaint must also comport with two pleading standards, the PSLRA and Fed. R. Civ. Proc. 9(b). The PSLRA requires that Securities Class Action plaintiffs "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). The PSLRA also requires that the Securities Class Action plaintiff plead scienter. More specifically, the PSLRA requires that "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). Finally, because the Securities Class Action was based in fraud, the complaint also had to comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b).

In contrast to the Securities Class Action, the instant action is a shareholder derivative action for breach of fiduciary duty, is governed under state law, and does not require any showing of scienter. *Heller v. Kiernan*, No. 1484-K, 2002 Del. Ch. LEXIS 17, at *9 (Del. Ch. Feb. 27, 2002) ("The elements of breach of fiduciary duty that must be proven . . . are: (i) that a fiduciary duty exists; and (ii) that a fiduciary breached that duty."). Further, Plaintiff Sellers

2

need not meet the heightened pleading requirements of Rule 9(b), Fed. R. Civ. P.  Although derivative action plaintiffs must plead ***demand futility*** with particularity, the remainder of the allegations need only meet the traditional requirements of Fed. R. Civ. P. 8.  *In re Tower Air, Inc.*, 416 F.3d 229, 236-238 (3d Cir. 2005).  Under Fed. R. Civ. P. 8(a)(2), Plaintiffs' pleading need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Indeed, the requirements of Rule 9(b) do not apply to these allegations, which only assert breaches of fiduciary duties.  *Cement-Lock v. Gas Technology Institute*, 2005 WL 2420374, *17 (N.D. Ill. 2005) ("this court declines Defendants' invitation to apply Rule 9(b) to Plaintiffs' allegations of breach of fiduciary duty[;] [r]ule 9(b) is strictly construed; it applies to fraud and mistake and nothing else"); *see Sidel v. Pub. Serv. Co. of New Hampshire*, 616 F. Supp. 1342 (D.N.H. 1985); *Roskos v. Shearson/Am. Exp., Inc.,* 589 F.Supp. 627, 631 (E.D. Wis. 1984) (Rule 9 "does not extend to allegations of breach of duty"); *Shapiro v. Miami Oil Producers, Inc.*, 84 F.R.D. 234, 236 (D. Mass. 1979).  Thus, derivative action plaintiffs need only satisfy the notice pleading requirements of Rule 8(a).

### A. A stay as proposed by Defendants is improper

Defendants are requesting a complete stay of proceedings in this action pending the resolution of the Securities Class Action.  Plaintiff Sellers does not believe such a lengthy and indefinite stay would be proper; however, Plaintiff would agree to a stay of proceedings pending the resolution of the Motion to Dismiss filed in the Securities Class Action.  If the Motion to Dismiss in the Securities Class Action is denied, then it would be in the best interests of judicial economy and efficiency to lift any stay in order to allow Plaintiff Sellers to participate in discovery in coordination with the Securities Class Action so as not to duplicate the burden upon Defendants and the Company.

Case No. Case No. 08-CV-60374-COHN/SELTZER

### B.     Full consolidation of this action with the Securities Class Action is Inappropriate

Plaintiff agrees that it is in the best interests of judicial economy, efficiency and convenience of the parties to **coordinate** his action with the pending Securities Class Action, as long as the *Sellers* case and the Securities Class Action each retain their separate Lead Plaintiff/Lead Counsel structure and separate complaints.  Specifically, Plaintiffs believe the two types of cases (a derivative action on behalf of the Company and a securities class action against the Company) should be coordinated, but not fully consolidated.  Plaintiff's action (and any other subsequently-filed derivative action) will have its own operating complaint and separate briefing as to dispositive motions; however, the two types of cases can coordinate discovery to reduce the burden upon the defendants.

Courts have recognized the importance of the distinction between claims arising under state and federal law since they are subject to different standards of pleading and proof and require different elements to state a claim. Thus, as explained by one court:

> Although plaintiff's state law claims arise from the same set of facts as the federal securities claims, they are separate and distinct claims that cannot be summarily dismissed. Furthermore, even if the federal securities claims are dismissed, the state law claims may survive. *See Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 963 (2d Cir. 1987) (after district court dismissed federal claims, it should not have also dismissed state law claims because jurisdiction was based on diversity of citizenship as well as pendent jurisdiction); *see also Jaquith v. Newhard*, No. 91 Civ. 7503, 1993 U.S. Dist. LEXIS 5214, at *58 (S.D.N.Y. Apr. 20, 1993) ("Upon dismissal of the RICO claim and a finding that the state claims were not pendent to the remaining 10b-5 claim, the Court cannot automatically dismiss the state claims, but rather must determine if there is an independent basis of jurisdiction for such claims.").

*Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 166 (S.D.N.Y. 2001).

Case No. Case No. 08-CV-60374-COHN/SELTZER

In the present case, the derivative claims are asserted solely under state law and are substantively different and distinct from the class claims asserted under the federal securities laws: the derivative claims are broader, subject to different standards of pleading and proof, are asserted against different defendants and seek recovery **on behalf of** 21st Century. Derivative actions and securities fraud class actions do not involve common questions of law, despite any overlap in parties, subject matter or issues. See *Molever v. Levenson*, 539 F.2d 996 (4th Cir. 1976).

Derivative actions and securities class actions are premised upon completely different statutory provisions and bodies of law. Furthermore, derivative actions and securities class actions involve different discovery and witness testimony. Securities class actions require proof of the defendants' intent to make false and misleading statements, while derivative actions involve no such intent element – rather, derivative plaintiffs must prove defendants failed to responsibly oversee the Company. In addition, derivative actions require the Court to perform a demand futility analysis as to whether a demand on the Board of Directors of a Company would have been futile based upon the facts alleged in the derivative actions. This issue of demand futility is irrelevant to the litigation of the securities class action. In derivative actions, a jury determines whether the Company is entitled to damages from its offices and board members due to the actions of its officers and directors. In securities class actions, a jury determines whether the Company should pay damages to purchasers of its securities.

Plaintiff Sellers does not oppose a stay of this action pending the resolution of the Motion to Dismiss filed in the Securities Class Action. Further, Plaintiff Sellers does not oppose the coordination of his derivative action with the Securities Class Action; however, due to the inherent differences in the two types of cases, full consolidation should not occur.

Case No. Case No. 08-CV-60374-COHN/SELTZER

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: May 22, 2008  
       Boca Raton, FL

Respectfully submitted,

_____  
Wayne H. Schwartz (Bar No. 907390)  
Email: Schwartz@leeamlaw.com  
Eric Lee (Bar No. 961299)  
Email: lee@leeamlaw.com  
LEE & AMTZIS, P.L.  
5550 Glades Rd., Suite 401  
Boca Raton, FL  33431  
Telephone: 561) 981-9988  
Facsimile: (561) 981-9980  
Local Counsel for Plaintiff

and

William B. Federman, Esq.  
FEDERMAN & SHERWOOD  
10205 N. Pennsylvania  
Oklahoma City, OK  73120  
Telephone:  (405) 235-1560  
Facsimile:  (405) 239-2112  
Email: wfederman@aol.com  
Lead Counsel for Plaintiff

6