UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60374-CIV-COHN/SELTZER

ANTHONY NEIL SELLERS, derivatively
on behalf of Nominal Defendant 21st
Century Holding Company,

    Plaintiff,

v.

EDWARD J. LAWSON, JAMES GORDON
JENNINGS III, MICHAEL H. BRAUN,
BRUCE F. SIMBERG, RICHARD W. WILCOX, JR.,
CARL DORF, CHARLES B. HART, JR., and
ANTHONY C. KRAYER, III,

    Defendants,

and

21ST CENTURY HOLDING COMPANY,

    Nominal Defendant.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Defendants Edward J. Lawson, James Gordon Jennings, III, Michael H. Braun, Bruce F. Simberg, Richard W. Wilcox, Jr., Charles B. Hart, Jr. (collectively, the "Individual Defendants") and 21st Century Holding Company ("21st Century")(collectively, "Defendants"), by and through undersigned counsel, hereby replies to Plaintiff's Response to Order to Show Cause ("Response")[D.E. 16].

The parties agree that in the event Plaintiff's claims survive the pending motions to dismiss it will serve the interests of justice to coordinate any necessary discovery of the putative securities class action litigation captioned *In re 21st Century Holding Company Securities Litigation*, 07-CIV-60157 (J. Cohn/Seltzer)("Class Action") and the instant shareholder

derivative action. Coordination is a given. With that said, a review of the Plaintiff's Response demonstrates that the parties do not have a meeting of the minds with respect to what consolidation for all purposes except trial means.[1]

In the Defendants' view, consolidation of discovery means more – it means no duplication of discovery whatsoever. Under the Defendants' proposal, consolidation of discovery would include, but not limited to:

- Plaintiffs propounding standard interrogatories and request for production of documents. Plaintiffs, of course, would be able to serve supplemental, non-repetitive interrogatories and requests for production of documents.

- Documents shall only be required to be produced once by the respective parties.

- The Defendants shall only be required to respond to Plaintiffs' standard interrogatories.

- Witnesses shall only be deposed once collectively by Plaintiffs. Counsel may notice a deposition to apply to the Class Action, shareholder derivative action or both but should counsel fail to attend said deposition or adequately inquire of the witness, counsel may not re-notice the deposition.

The point of the consolidation is to eliminate the duplication of efforts. Both the Class Action and the shareholder derivative action pending before your Honor have overlapping factual issues and similar legal theories. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court may use its discretionary power to consolidate actions -- such as these – where the actions involve "a common question of law and fact." Fed. R. Civ. P. 42(a). The reasoning behind this Rule is to assist in "avoid[ing] unnecessary costs or delay." *Id.* Clearly these cases have common questions of law and fact and as such, are exactly the types of cases the Rule was designed to aid.

---

[1] While the Defendants agree that consolidation for all purposes except trial would be appropriate, the Defendants respectfully request that this matter be stayed pending conclusion of the Class Action because it is premature. The damages sought are predicated upon the Defendants breaching fiduciary duties to 21st Century by defending the class action. In order to conserve judicial resources, simplify issues for trial – which will be the same – and avoid duplicative proceedings this action should be stayed. Respectfully, consolidation of these matters should only be considered as an alternative to a stay of the Class Action.

Indeed, each complaint alleges the same series of supposedly misleading or omissive disclosures by 21st Century, quote the same press releases, SEC filings, and analyst's reports. These actions rest on the same transactions, happenings, events, and will therefore, call upon the same questions of fact. Moreover, even the most cursory review of the complaints demonstrates that they are nearly identical – the near identity of the complaints alone provides the requisite basis for consolidation. *See Allen v. McEntee,* 1993 U.S. Dist. LEXIS 4122, *7 (D.D.C. April 5, 1993).

As such, the Court should exercise its discretion to consolidate these actions to avoid unnecessary costs and delay and to serve the interests of justice. To allow these actions to proceed on parallel tracks will only serve to require the Court and the parties to engage in needless duplication of effort. In contrast, consolidation will achieve the purposes of Fed. R. Civ. P. 42(a), without sacrificing fairness to the parties.

**DATE: MAY 27, 2008**

        Respectfully submitted,

        SQUIRE, SANDERS & DEMPSEY L.L.P.
        *Attorneys for Edward J. Lawson, James Gordon Jennings, III, Michael H. Braun, Bruce F. Simberg, Richard W. Wilcox, Jr., Charles B. Hart, Jr*
        200 South Biscayne Boulevard Suite 4000
        Miami, FL 33131-2398
        Telephone: +1.305.577.7000
        Facsimile: +1.305.577.7001
        E-mail: LMurphy@ssd.com

    By: /s Lewis F. Murphy
        Lewis F. Murphy
        Florida Bar No. 0308455
        Cristina B. Rodriguez
        Florida Bar No. 0639982

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 27, 2008, I filed the foregoing document with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via U.S. Mail or transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s Lewis F. Murphy

## SERVICE LIST

| | |
|---|---|
| Wayne H. Schwartz, Esq.<br>Schwartz@leeamlaw.com<br>Eric Lee, Esq.<br>lee@leeamlaw.com<br>Lee & Amtzis, P.L.<br>5550 Glades Road, Suite 401<br>Boca Raton, Florida 33431<br>Tel: 561.981.9988<br>Fax: 561.981.9980<br><br>Local Counsel for Plaintiff<br><br>Served by transmission of Notice of Electronic Filing generated by CM/ECF | Willam B. Federman, Esq.<br>wfederman@aol.com<br>Federman & Sherwood<br>10205 N. Pennsylvania Avenue<br>Oklahoma City, Oklahoma 73120<br>Tel: 405.235.1560<br>Fax: 405.239.2112<br><br>Lead Counsel for Plaintiff<br><br>Served by U.S. Mail |